UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      v.<br><br>BOBBY JOE CREDIT Jr.,<br><br>                              Defendant. | CASE NO. 17-05-JCC<br><br>**ORDER REVOKING APPEARANCE BOND, DKT. 46, AND DETAINING DEFENDANT** |

Defendant is on supervised release for his conviction for Felon in Possession of a Firearm. On April 26, 2010, the Court authorized issuance of a warrant for defendant's arrest based upon the allegation that he violated his supervision by committing the crime of driving under the influence on April 26, 2020. Dkt. 40. Defendant was arrested and appeared on April 27, 2020. Dkt. 45. The government argued for defendant's detention. Over the government's objection, the Court issued an appearance bond and ordered defendant released. Dkt. 46.

On May 15, 2020 a second warrant for defendant's arrest was issued. Dkt. 49. The warrant was based upon a petition alleging defendant failed to submit to facial recognition check via the Smartlink mobile application six times between May 10 and May 15, 2020. The petition also alleged defendant failed to submit to alcohol testing six times during the same time period.

On August 31, 2020, a third warrant was issued for defendant's arrest based upon the allegation he violated conditions of supervision by consuming marijuana. Dkt. 53. On

November 23, 2020, after being arrested, defendant appeared before the Honorable Mary Alice Theiler. Defendant admitted some of the pending allegations and also entered a denial to supplemental allegation number 2. Dkt. 61. The Court scheduled a bond revocation hearing for November 25, 2020 before the undersigned.

After Judge Theiler concluded the hearing on November 23, 2020, another petition alleging violations of supervision was filed. Dkt. 58. This petition alleged defendant violated his supervision by committing the crime of driving under the influence and assault on a police officer on November 17, 2020, and by consuming alcohol that day.

At the bond revocation hearing, defendant entered a denial to the alleged violations occurring on November 17, 2020. Defense counsel argued while defendant was not making any excuses, his personal circumstances support a release plan. Defense counsel averred defendant was released from imprisonment without a sufficiently supportive plan that would help him successfully reenter the community. Defendant is claimed to suffer cognitive impairments, does not have a stable living situation, and has not worked. Defense counsel indicated there is a Washington Department of Corrections detainer holding defendant for alleged violations of conditions of state supervision. Counsel argued the Court should release defendant to state custody in order to address the detainer and state allegations. Following the completion of state proceedings, counsel suggested the Court could reissue a warrant to bring defendant back into federal custody or could place defendant into a half-way house.

Both the United States and the U.S. Probation and Pretrial Office opposed release in light of defendant's conduct and the amount of imprisonment called for under the United States Sentencing Guidelines if the Court found defendant committed the law violations. The Court considered the arguments of the parties and the record and concludes defendant's appearance

bond and release order should be revoked. Since issuance of the release order, defendant has not just struggled to maintain stability in the community, he has allegedly continued to violate conditions of supervision. The latest allegation that defendant engaged in new criminal conduct on November 17, 2020 establishes that defendant is unable to abstain from alcohol and engages in conduct that jeopardizes the safety of the community. That defendant allegedly operated or controlled a car while under the influence is bad enough. But that he then allegedly assaulted one of the arresting officers is conduct the court cannot ignore and which calls for detention.

It is therefore **ORDERED**:

(1) The Court **REVOKES** the appearance bond (Dkt. 46). Defendant shall be detained pending resolution of his criminal matter and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 25th day of November, 2020

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER REVOKING APPEARANCE BOND,
DKT. 46, AND DETAINING DEFENDANT - 3